UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LLOYD R. BRETTHAUER et al.,<br><br>    Defendants. | 3:06-CV-00609-LRH-VPC<br><br>ORDER |

Before the court is Defendants' motion to stay this court's order of judicial sale directing foreclosure of two properties subject to federal tax liens. (#93[1].) Because Defendants have demonstrated a stay is warranted under the present circumstances, the court will grant their motion.

**I.     Facts and Procedural History**

Defendant Bretthauer purchased the two residential properties that form the basis of this action in 1992. After Bretthauer purchased the properties, on October 2, 1992, Defendant World Financial Services, Inc. ("WFS") was incorporated in Nevada. Bretthauer was the sole shareholder of WFS. Judith Stadtler and Defendant Diane Watson were WFS's officers. WFS conducted meetings, issued stock, made resolutions, had a bank account, and had bylaws. However, WFS did not have an office or employees, and it did not pay any dividends.

---

[1] Refers to the court's docket

On October 8, 1992, Bretthauer conveyed the properties to WFS. While WFS did not pay Bretthauer anything for the properties, it assumed all the existing debt associated with the properties. At the time of the properties' transfer, Bretthauer believed their value did not exceed the debts owed on them. Following the conveyances, Bretthauer continued to live on the Seminole Property. Using money provided by Bretthauer, his roommates, and Defendant Watson's parents ("the Michitarians"), WFS paid all the properties' loans and expenses. However, Bretthauer's name remained on the properties' loans and insurance policies.

In 1995, WFS conveyed the properties to the Michitarians.

In January 1999, the Michitarians conveyed the properties to Watson.

On September 11, 2006, Defendant Seminole Blue Falls, Inc. was incorporated in Nevada. On September 12, 2006, Watson conveyed the properties to Seminole Blue Falls, Inc.

Defendant Bretthauer did not file individual income tax returns for the years 1988-1993 until 1995. After being contacted by the IRS, Bretthauer eventually filed individual tax returns for the years 1987 through 1992. The IRS also received an unsigned individual income tax return for 1993. In 1995, Bretthauer filed returns for his 1989-1992 federal employer's tax and unemployment taxes. The IRS eventually assessed approximately $1,594,000 against Bretthauer.

In 1997, the United States recorded Notice of Federal Tax Liens against the properties. And in 2006, the United States recorded Notice of Federal Tax Liens naming WFS as the nominee/alter ego of Bretthauer.

On November 13, 2006, the United States initiated the present lawsuit pursuant to 26 U.S.C. §§ 7401 and 7403 with the objective of foreclosing on the tax liens against Bretthauer's properties. On September 15, 2008, this court granted summary judgment in favor of the United States. On October 6, 2008, the court entered an order authorizing judicial foreclosure of the properties. The order requires anyone occupying the properties to vacate by November 5, 2008.

On September 13, 2008, Defendants filed a notice of appeal. On October 24, 2008,

Defendants filed an emergency motion for a stay of this court's orders pending appeal. On October 28, 2006, because the November 5th vacation date was fast approaching, the court stayed its order of judicial sale, so the parties could fully brief the pending motion. The motion now stands fully briefed.

**II.    Legal Standard**

Federal Rule of Civil Procedure 62(c) authorizes this court to stay an injunction pending an appeal. It reads as follows: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." The Ninth Circuit has established the following factors for deciding whether to issue a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Natural Res. Defense Council, Inc. v. Winter*, 502 F.3d 859, 863 (9th Cir. 2007). Moreover, even if the party seeking a stay fails to show a strong likelihood on the merits, he may be entitled to prevail if he can demonstrate a "substantial case on the merits," and the second and fourth factors militate in his favor. *Id.*

**III.    Discussion**

Defendants offer two arguments in support of their contention that they are likely to succeed on the merits. Defendants first argue this court erred by finding that they are not "purchasers" under 26 U.S.C. § 6323(a), which had the effect of depriving them of the statute's protection for bonafide purchasers for value. This argument is without merit. Section 6323(h)(6) defines a "purchaser" as "a person who, for adequate and full consideration in money or money's worth, acquires an interest . . . in property which is valid under local law against subsequent purchasers

3

1  without actual notice." In this case, Diane Watson, the Michitarians, and SBF did not have an
2  interest in the properties that was valid against subsequent purchasers under local law, because they
3  did not record their interests before the United States recorded its Notice of Federal Tax Liens. *See*
4  Nev. Rev. Stat. § 111.325.

5  Defendants also argue this court erred by weighing the evidence to find that WFS was the
6  alter ego of Bretthauer and therefore subject to the tax liens. Specifically, Defendants note this
7  court recognized that WFS conducted regular meetings, issued stock, made resolutions, had by
8  laws, and had a bank account in its name; but the court nonetheless found WFS was Bretthauer's
9  alter ego.[2]

10  While it is certainly true that the court took notice of these facts in granting summary
11  judgment, the court was not weighing the evidence in the impermissible manner Defendants argue.
12  Once the Unites States came forward with evidence sufficient to support a finding upon every
13  element of its claim that WFS was Bretthauer's alter ego, it became incumbent on Defendants to
14  present evidence from which a reasonable jury could find otherwise. *See Anderson v. Liberty*
15  *Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Watts v. United States*, 703 F.2d 346, 347 (9th Cir. 1983).
16  The court concluded that even drawing all reasonable inferences in favor of Defendants, they did
17  not succeed in this task. (*See* Sept. 15, 2008, Order (#83) at 8:7-8) ("In sum, the United States has
18  shown as a matter of law that WFS was Bretthauer's alter ego. Bretthauer has presented no
19  evidence from which a reasonable jury could find otherwise.")

20  Nevertheless, this court's ruling on summary judgment does not preclude it from finding
21  that Bretthauer has presented a "substantial case on the merits." The question on summary

22

23  [2]Defendants also argue that this court erred by disregarding evidence offered in Bretthauer's declaration
24  that he did not control the day-to-day business of WFS, did not sign on WFS's checking account, or maintain WFS's book and records. Defendants' argument is not well-taken, as none of this evidence was cited in
25  Defendants' opposition to the United States' motion for summary judgment. *See Orr v. Bank of America, NT*, 285 F.3d 764, 775 & n.14 (9th Cir. 2002).

26

4

1  judgment was whether a reasonable jury could find for Defendants.  Although the court ruled
2  against Defendants on that question, the court recognizes there is room for disagreement on that
3  score.  As such, the court concludes that Defendants have presented a substantial case on the
4  merits, thereby fulfilling the first factor required to obtain a stay pending appeal.

5  Because Defendants have shown a substantial case on the merits–not a likelihood of
6  success–Defendants must meet a higher burden as to the second and fourth factors.  The second
7  factor requires the court to consider whether the applicant will be irreparably injured absent a stay.
8  The court finds that Defendants have met this burden.  As noted by Defendants, real property is by
9  its nature unique.  *See, e.g.*, *Stotlz v. Grimm*, 689 P.2d 927, 930 (Nev. 1984).  If the foreclosure sale
10 authorized by this court occurs while this case is on appeal, Defendants in all likelihood would be
11 unable to recover the property at a later time.  Defendants have therefore shown the second factor
12 militates in their favor.

13 The third factor this court must consider is whether issuance of the stay will substantially
14 injure the other parties interested in the proceeding.  Here, the other interested party in this case is
15 the United States, which has broad public interest in maintaining a sound tax system.  *See*
16 *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989).  Thus, this factor weighs in favor of the United
17 States.

18 The final factor this court must consider–and one which Defendants must show militates in
19 their favor–is where the public interest lies.  Of course, the public has an interest in the speedy and
20 efficient collection of taxes so that government may continue to function.  Moreover, the public has
21 an interest in maintaining the impression that all citizens must follow the law, so as to avoid the
22 perception that delinquent taxpayers are simply "getting away with it."

23 On the other side of the scale, however, is the public interest in ensuring that those entitled
24 to their property are permitted to maintain those rights until the legal system has conclusively
25 determined otherwise.  Such an interest is fostered by allowing the legal process to run its course
26

5

before one is deprived of perhaps the most cherished of all property, one's residence.  While the court is sympathetic to the United States' long-running efforts to obtain its duly owed taxes, the court concludes that the public interest militates in favor of delaying that revenue while this case is appealed.  Taking into account all the factors and circumstances relevant to a stay, the court concludes a stay is warranted in this case.  Defendants' motion for a stay pending appeal is therefore granted.

IT IS THEREFORE ORDERED that Defendants' Emergency Motion for Stay Pending Appeal (#93) is GRANTED.

IT IS FURTHER ORDERED that in lieu of posting a bond, Defendants must comply with the following conditions pending final disposition of this case: (1) Defendants may not encumber or convey the properties.  (2) Defendants must continue to pay any loans, utilities, taxes, and maintain insurance on the properties; conduct necessary maintenance; and otherwise prevent any waste to the properties. (3) Defendants must provide their current contact information to the United States and update the United States with any changes to that information. (4) The United States is granted a reasonable right to inspect the properties upon no less than 48 hours notice to Defendants to ensure Defendants' compliance with the court's order.  Failure to comply with any of these conditions may result in revocation of this court's stay.

IT IS SO ORDERED.

DATED this 5th day of February, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE